NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| KEVIN HOLLAND, | : | |
| Petitioner | : | Civil Action No. 21-14155 (RMB) |
| v. | : | **OPINION** |
| LAMINE N'DIAYE, | : | |
| Respondent[1] | : | |

BUMB, United States District Judge

On July 26, 2021, Petitioner Kevin Holland, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that the Third Circuit decision in United States v. Nasir, 982 F.3d 144 (3d Cir. 2020) rendered the career offender enhancement to his federal sentence invalid. (Pet., Dkt. No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below,

---

[1] Generally, the proper respondent to a habeas petition is the petitioner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Therefore, the Court has substituted the warden of FCI Fort Dix as respondent.

the Court lacks jurisdiction under § 2241. The Court will, however, permit Petitioner to determine whether he wishes to transfer this matter to his sentencing court for consideration as a first motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

I.     BACKGROUND

Petitioner is challenging the sentence imposed on him by the United States District Court, Middle District of Pennsylvania on June 12, 2018. (Pet. ¶¶ 4, 6, Dkt. No. 1.) "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court takes judicial notice of the docket in United States v. Holland, No. 1-16-cr-322-001 (M.D. Pa.)[2] On October 2, 2017, Petitioner pled guilty to the 3-Count Indictment, charging him with possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 821(b)(1)(B); using, carrying and possession a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Mot. to Withdraw Guilty Plea, Dkt. No. 45; Indictment, Dkt. No. 1.) Counts 1 and 3 were grouped, and with acceptance of responsibility, Petitioner's adjusted offense level was 21. (Mem. in Supp. of Pet., Dkt. No. 1-1 at 2.) Petitioner's offense level was raised to 31, based on two prior state court convictions for controlled substance offenses, with a criminal history category of VI. (Id.) With the mandatory minimum for Count 2 and the career offender enhancement, the applicable Guidelines range was 262 to 327 months imprisonment under U.S.S.G. § 4B1.1(c)(2, 3). (Id.) Absent the career offender enhancement, the Guidelines range would have been 117 to 131 months imprisonment. (Id.)

---

[2] Available at www.pacer.gov.

Petitioner filed an appeal in the Third Circuit Court of Appeals on June 26, 2018, objecting to the career offender enhancement based on the pending decision in United States v. Glass, 904 F.3d 319 (3d Cir. 2018). United States v. Holland, No. 1-16-cr-322-001 (M.D. Pa.) (Dkt No. 64.) The Third Circuit affirmed his conviction and sentence on November 5, 2019. Id., (Dkt. No. 76.)

Petitioner has not filed a motion to vacate, set aside or correct sentence in his sentencing court. (Id.) He now relies on the Third Circuit's decision in United States v. Nasir, 982 F.3d 144 (3d Cir. 2020) to challenge the career offender enhancement to his sentence. In Nasir, the Third Circuit held that "inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines. Therefore, sitting *en banc*, we overrule [U.S. v.] Hightower, [25 F.3d182 (3d Cir. 1994)." United States v. Nasir, 982 F.3d 144, 160 (3d Cir. 2020), cert. granted, judgment vacated [on other grounds], No. 20-1522, 2021 WL 4507560 (U.S. Oct. 4, 2021), and cert. denied, No. 21-5188, 2021 WL 4508853 (U.S. Oct. 4, 2021). Petitioner asserts that his prior conviction for unlawful delivery of a controlled substance under Pennsylvania Code Section 780-113a(30) includes an inchoate crime and no longer qualifies him as a career offender under the sentencing guidelines. (Mem. in Supp. of Pet., Dkt. No. 1-1 at 2.)

II.  DISCUSSION

Before the Court can reach the issue of whether Petitioner remains a career offender based on the intervening Third Circuit decision in United States v. Nasir, 982 F.3d 144 (3d Cir. 2020), this Court must determine whether § 2241 is the proper vehicle for Petitioner's challenge. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, No. 14-4284,

3

2017 WL 3597705, at *4 (3d Cir. Aug. 22, 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.) Jurisdiction is proper under § 2241 where "the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Petitioner has never filed a motion under 28 U.S.C. § 2255 in his sentencing court. See United States v. Holland, No. 1-16-cr-322-001 (M.D. Pa.) Petitioner's direct appeal became final on or about February 3, 2020, ninety days after the Third Circuit Court of Appeals affirmed his conviction and sentence on November 5, 2019. Id. (Judgment of USCA, Dkt. No. 76); see Clay v. United States, 537 U.S. 522, 525 (2003) (a judgment of conviction generally becomes final when the time expires for filing a petition for certiorari challenging affirmation of the conviction.) A motion under 28 U.S.C. § 2255 is, therefore, a remedy available to Petitioner. Thus, this Court lacks jurisdiction under 28 U.S.C. § 2241 through the saving clause of § 2255(e).

Although this Court can construe the habeas petition as a motion under 28 U.S.C. § 2255 and transfer to the sentencing court under 28 U.S.C. § 1631, the Third Circuit has directed that

> the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for

purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

Castro v. United States, 540 U.S. 375, 383 (2003). Petitioner is advised that, to avoid restrictions on second or successive § 2255 motions, he should either withdraw the present petition, which this Court construes as a § 2255 motion (this may have consequences based on the one-year statute of limitations under § 2255(f)), or amend the petition so it contains all § 2255 claims that Petitioner has, upon which this Court will transfer the motion to Petitioner's sentencing court in United States v. Holland, No. 1-16-cr-322-001 (M.D. Pa.), pursuant to 28 U.S.C. § 1631.

III.  CONCLUSION

For these reasons, this Court finds that it lacks jurisdiction over the § 2241 petition because § 2255 is not an inadequate or ineffective remedy for Petitioner's claim. The Court construes the petition as a motion under § 2255, but Petitioner shall have 30 days from the date of entry of this Order to withdraw the motion or amend it; if amended, the Court will transfer the motion to the United States District Court, Middle District of Pennsylvania.

An appropriate order follows.

Dated: **November 17, 2021**

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**