*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
KEVIN HOLLAND, :
: Civil Action No. 21-14155 (RMB)
Petitioner :
:
v. : **OPINION**
:
LAMINE N'DIAYE, :
:
Respondent :
_____ :

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Respondent's unopposed motion to dismiss Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). (Mot. to Dismiss, Docket No. 10.) For the reasons discussed below, the Court will grant Respondent's motion to dismiss.

I.   BACKGROUND

On July 26, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence imposed in the United States District Court, Middle District of Pennsylvania in June 2018,[1] pursuant to *United States v. Nasir*, 982

---

[1] *United States v. Holland*, 16-cr-322 (M.D. Pa. June 2018) ("*Holland*"). Available at www.pacer.gov (last visited February 10, 2023). When presented with a facial attack on jurisdiction under FRCP 12(b)(1), the Court can consider publicly filed documents that do not controvert the allegations of the petition, but instead show that, even if true, the

F.3d 144 (3d Cir. 2020) (Docket No. 1.) On screening, this Court dismissed the petition for lack of jurisdiction because 28 U.S.C. § 2255 was not an inadequate or ineffective remedy for Petitioner to challenge his sentence in the sentencing court. (Opinion and Order, Docket Nos. 4, 5). Petitioner filed a motion for reconsideration, based on issues with the timing and nature of his sentencing claim. (Mot. for Reconsideration, Docket No. 6). This Court granted reconsideration on June 29, 2022, and directed Respondent to file an answer. (Opinion and Order, Docket Nos. 7, 8.) Respondent now contends that this Court lacks jurisdiction, that transfer of the petition to the sentencing court is futile, and the claim lacks merit. (Mot. to Dismiss, Docket No. 10.)

On October 2, 2017, Petitioner pled guilty in the Middle District of Pennsylvania to a 3-Count Indictment, charging him with possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B); using, carrying and possession a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Holland*, *supra* n.1, (Docket Nos. 1, 45.) Counts 1 and 3 were grouped, and with acceptance of responsibility, Petitioner's adjusted offense level was 21. (Mem. in Supp. of Pet., Docket No. 1-1 at 1.) Based on two prior state court convictions for controlled substance offenses, with a criminal history category of VI, Petitioner's offense level

---

petitioner's allegations "do not set forth a claim that is within this Court's jurisdiction." *See, e.g., Spataro v. Hollingsworth*, Civ. No. 15-1736, 2016 WL 3951327, at *3 (D.N.J. July 21, 2016), *aff'd*, 684 F. App'x 117 (3d Cir. 2017). The Court relies on the docket entries in *Holland*.

was raised to 31. (Mem. In Supp. of Pet., Docket No. 1-1 at 1.) With a mandatory minimum for Count 2 and the career offender enhancement, the applicable Guidelines range was 262 to 327 months imprisonment under U.S.S.G. § 4B1.1(c)(2, 3). (*Id.*) Absent the career offender enhancement, which Petitioner now challenges, the Guidelines range would have been 117 to 131-months imprisonment. (*Id.*) Petitioner filed an appeal in the Third Circuit Court of Appeals on June 26, 2018, objecting to the career offender enhancement. (Pet., Docket No. 1, ¶7.) The Third Circuit affirmed his conviction and sentence on November 5, 2019. *Id.* For habeas relief, Petitioner asserts that

> under Pennsylvania law a prior conviction for unlawful delivery of a controlled substance under Section 780-113(a)(30) includes an attempt which is an inchoate crime and is not included in the definition of a "controlled substance offense" given in Section 4B1.2(b) of the sentencing guidelines.

(Mem. in Supp. of Pet., Docket No. 1-1 at 2.)

II.     JURISDICTION

A federal court may exercise subject-matter jurisdiction under § 2241 to review a prisoner's habeas claim only if the remedy provided by 28 U.S.C. § 2255 would be "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). The Third Circuit has determined that the remedy provided by § 2255 is "inadequate or ineffective" where an intervening Supreme Court decision makes the prior criminal conduct noncriminal. *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997); *Gardner v. Warden*

*Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017). The Third Circuit has not extended the *Dorsainvil* exception to claims where an intervening Supreme Court case made a prior career offender enhancement inapplicable on sentencing. *Gardner*, 845 F.3d at 103; *Davis v. Warden Allenwood FCI*, 818 F. App'x 147, 149 (3d Cir. 2020), *cert. denied sub nom. Davis v. Quay*, 141 S. Ct. 2658 (2021). Therefore, this Court lacks jurisdiction over Petitioner's sentencing claim. His avenue for relief, if any, is a § 2255 motion in the sentencing court. Even if such a motion is barred by the statute of limitations, Petitioner may not bring his claim under § 2241 to avoid the gatekeeping requirements of § 2255. *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

III.   TRANSFER FOR JURISDICTION

28 U.S.C. § 1631 provides that

> [w]henever a civil action is filed in a court..., and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action to any other such court ... in which the action ... could have been brought at the time it was filed....

Petitioner asserted his *Nasir* claim in his habeas petition in this Court in July 2021, more than a year after the Third Circuit denied his direct appeal, and after the one-year statute of limitations under 28 U.S.C. § 2255(f) expired. The Third Circuit has refused to order a district court to transfer a § 2241 motion where the petitioner, as here,[2] claims he invoked § 2241 because the statute of limitations for a § 2255 motion

---

[2] (Mot. for Reconsideration, Docket No. 6 at 6.)

had expired. *Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 704 (3d Cir. 2018) (per curiam).  Moreover, transfer would not further the interests of justice because a recent Third Circuit decision renders Petitioner's *Nasir* claim meritless.  *See United States v. Dawson*, 32 F.4th 254, 259–60 (3d Cir. 2022) ("*Nasir* does not control here because it addressed only true inchoate offenses, none of which appear in § 780-113(a)(30).")  Therefore, the interests of justice do not require this Court to transfer Petitioner's § 2241 petition to the sentencing court for consideration under § 2255.

IV.   CONCLUSION

For the reasons discussed above, this Court will grant Respondent's motion to dismiss for lack of jurisdiction and will decline to transfer the petition to the sentencing court pursuant to 28 U.S.C. § 1631.

An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
